PORT-O-SAN CORPORATION, Plaintiff, v. CHARLES MESSINA et al., Defendants.

Supreme Court, Westchester County, July 9, 1962.

*Daniel Diamond* for plaintiff. *Casey, Lane & Mittendorf* for defendants.

HUGH S. COYLE, J. This is a motion by plaintiff for an order restraining and enjoining defendants during the pendency of this action from soliciting customers for rental and servicing of portable chemical toilet units within a radius of 75 miles from Columbus Circle, New York City; and from continuing in the employ of Sanitation Unlimited, Inc., and from disclosing any information regarding the list of plaintiff's customers, its system, organization, trade methods and trade secrets.

Plaintiff in its complaint alleges a restrictive covenant in an employment contract forbidding defendants from engaging in work similar to plaintiff's for a period of one year and within a radius of 75 miles of Columbus Circle. In their answer the defendants raise questions of fact relative to a breach of contract, and also urge that in the type of business in question there are no trade secrets, that the names of customers are available to all interested — the principal source of customers' names being the Dodge Reports — and in addition claim affirmatively that the subject covenant in the employment contract is unreasonable, unjust and oppressive, and in violation of section 340 of the New York General Business Law as against public policy, illegal and void.

Boiled down to its essentials, plaintiff's main complaint would appear to be the fact that customers' names were being furnished to a competitor and in particular the names of those persons in charge of ordering the services of plaintiff who are known to defendants.

From the papers submitted upon the motion and the oral argument of counsel for the respective parties, the court does not find that plaintiff is entitled to a temporary injunction. It may well be that upon the trial plaintiff can establish its right to the relief requested. However, to grant the relief requested at this time would work irreparable harm to defendants were they to be successful upon the trial. Under the circumstances, the plaintiff's motion is in all respects denied.

The court does recognize plaintiff's position and grants a trial preference for the September 1962 Term of this court. It should be pointed out that defendants state in their affidavit in opposition that they have already sought a plenary trial of this action. Plaintiff is directed to serve a copy of the order with notice of entry thereon, upon the Calendar Clerk.